[Civil No. 814.  Filed March 20, 1903.]

[71 Pac. 915.]

## MARIA DEL CARMEN PESQUEIRA et al., Defendants and Appellants, v. MINERVA D. KELLOGG, Plaintiff and Appellee.

1. PARTITION — COTENANT — IMPROVEMENTS—COMPENSATION—DISTRIBU-
TION—GENERAL RULE—IMPROVEMENTS MADE BY THIRD PERSON.—
Where, in an action for partition, the evidence discloses that the
stepfather of defendants, minors, made valuable improvements on
the property, but it was not shown that defendants made any
improvements thereon, or that they paid for or were obligated to
pay for the same, the rule that, on partition, improvements made
in good faith by one cotenant, unless such improvements were
essential to the preservation of the property, should be taken into
account by the court, and either a suitable compensation be made
therefor to such cotenant, or, if it can be done without prejudice
to the interest of the other parties, such improvements should be
assigned to the cotenant making them, does not apply.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
Edward Kent, Judge.  Affirmed.

The facts are stated in the opinion.

Street & Alexander, for Appellants.

The rule is, in suits for partition of lands, where improve-
ments have been made by one tenant in common, that the
court should direct in making partition that the portion im-
proved be assigned to the one making the improvements, and
this without taking into consideration the value of such im-
provements. *Dean* v. *O'Meara,* 47 Ill. 120; *Martindale* v.
*Alexander,* 26 Ind. 104, 89 Am. Dec. 458; *Ford* v. *Knapp,*
102 N. Y. 135, 55 Am. Rep. 782, 6 N. E. 283; *Johnson* v.
*Pelot,* 24 S. C. 255, 58 Am. Rep. 253; *Hall* v. *Piddock,* 21
N. J. Eq. 311; *Osborn* v. *Osborn,* 62 Tex. 495; *Ward* v. *Ward,*
15 Ky. Law Rep. 706, 25 S. W. 112; *Boley* v. *Skinner,* 38 Fla.
391, 20 South. 1017; *Leake* v. *Hays,* 13 Wash. 213, 52 Am. St.
Rep. 34, 43 Pac. 48; *Pipkin* v. *Pipkin,* 120 N. C. 161, 26 S. E.
697.

Millay & Christy, and Walter Bennett, for Appellee.

SLOAN, J.—The record in this case discloses the following facts: Upon February 4, 1887, one Miguel Pesqueira died in the city of Phœnix. He left a widow, Carmen Pesqueira, and five children, named Eladio Pesqueira, Miguel Pesqueira, Maria del Carmen Pesqueira, Maria de los Angeles Pesqueira, Maria de la Cruz Navarro, and Ignacio Pesqueira. All of said children were, at the time of the death of the father, minors, with the exception of Eladio, who had then reached his majority. At the time of his death, Miguel Pesqueira was the owner of property situated in the city of Phœnix, and described as follows: Lots numbered 2, 4, 6, 8, and 10 in block 1, and 37½ feet off from the south end of lots numbered 9 and 11 in block 5, of said city. This property, having been acquired subsequent to the marriage of Miguel Pesqueira and Carmen Pesqueira, upon his death, under the statutes, one half of the same went to the surviving wife, and one half passed to his said children. On the fifteenth day of March, 1887, Eladio Pesqueira, in writing, renounced all his right to participate as an heir of said Miguel Pesqueira in and to the said property. During the same year Ignacio Pesqueira, one of the said minor children, died, whereupon, by operation of the statute, one half of his interest as an heir passed to his mother, Carmen Pesqueira, and one half to his surviving brothers and sisters. During the year 1890 the widow, Carmen Pesqueira, and her son Eladio Pesqueira, gave a mortgage upon their interests to said property to one Backus, which mortgage was afterwards foreclosed, and a sale of the interests mortgaged had thereunder in 1894, at which sale Backus became the purchaser, and in due season received a sheriff's deed to the same. In 1898 Backus conveyed to the appellee, Minerva D. Kellogg, the interests in said property obtained by him through said foreclosure proceedings and the sheriff's deed. Subsequent to the execution of the said mortgage the widow, Carmen Pesqueira, married one Paola Perazzo. This action was brought by appellee, Minerva D. Kellogg, against Carmen Perazzo and her husband, Paola Perazzo, and the surviving heirs of Miguel Pesqueira, to obtain a partition of the property before described. In her complaint the appellee set up that she was the owner of an undivided nineteen thirtieths of said property; that the value of the property was the sum of three thousand five

hundred dollars; that the defendants had had the exclusive possession of said premises, had rented the same, and collected the rents therefor without accounting to her, had neglected to properly care for the property, had allowed the same to depreciate in value, had neglected to pay the taxes thereon, and had permitted the same to be sold at delinquent tax-sales, thereby compelling her to redeem the same from said sales; and that she had expended, on account of said taxes, the sum of four hundred dollars. The defendants Maria del Carmen Pesqueira, Maria de los Angeles Pesqueira, Miguel Pesqueira, and Maria de la Cruz Navarro filed a separate answer to the complaint, in which answer, among other things, they denied the extent of the interest claimed by the plaintiff, and set up that they were the owners of an undivided one half thereof. They further set up the relinquishment by their brother Eladio Pesqueira to them of his interest as an heir. They further allege that they had since the year 1894 paid the sum of $266.77 in the way of territorial and county taxes, and the sum of $137.09 in the way of city taxes, on said property. They further set up that subsequent to the year 1894 they made improvements and betterments on the premises for which they had paid the sum of nine hundred dollars, no part of which, they allege, the plaintiff had ever paid to these defendants. Paola Perazzo appeared and filed a cross-complaint, in which he asserted the ownership and right of possession to and for the premises sought to be partitioned, and prayed that his title be quieted as against the claim of the plaintiff in the action and his co-defendants. His claim of ownership was based upon a tax-deed executed by the treasurer and *ex officio* tax-collector of Maricopa County for delinquent taxes due for the year 1899. Upon the trial Maria de la Cruz Navarro testified, among other things, that the step-father, Paola Perazzo, had made certain improvements, in the way of buildings and repairs, on part of the premises sought to be partitioned, and expended something over six hundred dollars in rebuilding a house, and two hundred dollars in the way of repairs; that this expenditure was made by Perazzo for the benefit of the heirs, but before any of the defendants, with the exception of Eladio Pesqueira, had become of age. She stated that she thought the house was built by Perazzo "something like eleven years ago." She further

stated that Perazzo, her stepfather, had said at the time he built the house that he would charge it to the heirs, and that after they became of age they could pay him for it. No other testimony was put in with reference to the improvements made by any of the defendants on the property.

The trial court found, among other things, that the appellee was the owner in fee simple of an undivided 716/1200 part of the property sought to be partitioned, and that each of the defendants Maria de la Carmen Pesqueira, Maria de los Angeles Pesqueira, Miguel Pesqueira, and Maria de la Cruz Navarro was the owner of an undivided 121/1200 part of the said premises, and that the defendants Carmen A. Perazzo and Eladio Pesqueira had no right, title, or interest in the same. A decree was entered in accordance with the findings, and an order was made by the court that the premises be divided and partitioned between the appellee and the defendants above named in the proportion as found by the court to which each was entitled, and a commission was appointed to make such division and partition, and to report the same to the court. The commissioners appointed in accordance with such order allotted to the appellee 37½ feet on the south end of lots 9 and 11 in block 5, and lots 2, 4, 6, and a strip eighteen feet wide off the east side of lot 8, in block 1. Upon the written request of the defendants interested that their respective portions be allotted to them without division, the commissioners allotted to the defendants, as their portion, lot 10 and the west thirty-two feet or a strip thirty-two feet wide on the west side of lot 8 in said block 1. Upon the coming in of this report of the commissioners, the defendants entitled to share in said partition filed objections to said report upon the ground that the commissioners, in making such division, had not allowed the value of the improvements placed upon them, as they alleged, in good faith, and at their own cost and expense. The trial court disregarded these objections and confirmed the report.

The appellants complain that the trial court erred in refusing to make a finding of fact on the issue raised by them in their answer as to the improvements placed upon the premises partitioned, and in refusing to instruct the commissioners in partition to allot to them that portion of the premises upon which such improvements were made, without charging them

for the value thereof, and in refusing them the privilege of submitting evidence on their exceptions to the said report of the commissioners touching such improvements.

It is a settled rule that, on partition, improvements made in good faith by one cotenant, unless such improvements were essential to the preservation of the property, should be taken into account by the court, and either a suitable compensation be made therefor to such cotenant, or, if it can be done without prejudice to the interest of the other parties, such improvements should be assigned to the cotenant making them, in any division made in the partition suit. In the case at bar the defendants did not show that they had made any improvements for which they were entitled to be compensated in either of the modes recognized by the rule referred to. On the contrary, it appears from their own showing that the improvements which were made upon the property were made by Paola Perazzo, their stepfather; and there was no proof that they had paid for the same, or were obligated to pay for the same. The finding requested of the court and refused was not sustained by the proof. It would have been improper, therefore, for the court, in its order, to have directed the commissioners to have taken into account in any way the value of such improvements. The objections made to the report of the commissioners were likewise not well taken, for the same reason.

We find no error in the record, and the judgment of the trial court is affirmed.

Davis, J., and Doan, J., concur.